UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY WOOD,

      Plaintiff,

v.                       CASE NO:

JACOBS TECHNOLOGY INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY WOOD, (hereinafter "Plaintiff" or "Ms. Wood"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, JACOBS TECHNOLOGY INC. (hereinafter "Defendant," or "Jacobs Technology") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981 - Equal rights under the law; unlawful discrimination based on race and gender in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10

1

et seq. ("FCRA"), and for retaliation in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA") and the Workers' Compensation Law §440.205 Florida Statutes.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated and retaliated against her, altered the terms, conditions, and privileges of her employment because of her gender and race in violation of her rights under, 42 U.S. Code § 1981 - Equal rights under the law, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

2

## JURISDICTION AND VENUE

5.   This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.   This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.   Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.   Plaintiff is an African American female.

9.   Plaintiff is a member of a class protected against discrimination

and retaliation based on her gender and race under 42 U.S. Code § 1981 - Equal rights under the law, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes.

10. During the period from June 2019 until July 24, 2020, Defendant employed Plaintiff.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by 42 U.S. Code § 1981 - Equal rights under the law, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes.

13. The Defendant is JACOBS TECHNOLOGY INC., a Foreign Profit Corporation with a principal place of business located at 600 William Northern Boulevard, Tullahoma, Tennessee 37388.

14. JACOBS TECHNOLOGY INC. has locations throughout the world including their office located at 5401 W. Kennedy Blvd, Suites 300 & 900, Tampa, Florida 33609 from which it employed Plaintiff.

15. JACOBS TECHNOLOGY INC. performs services for the United States Government's ("Government") Special Operations Command

("USSOCOM") under the Special Operations Forces ("SOF") Information Technology Enterprise contract H92222-17-F-0069 ("SITEC II" or "Contract").[1] Under SITEC II, Jacobs Technology provides comprehensive worldwide information technology support to operate and maintain the SOF Information Enterprise ("SIE").

16.    At all times conduct herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida.

17.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, 42 U.S. Code § 1981 - Equal rights under the law, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes.

18.    Accordingly, Defendant is liable under 42 U.S. Code § 1981 - Equal rights under the law, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes for the unlawful discrimination and retaliation to

---

[1] The Contract is a staff augmentation style contract whereby Jacobs Technology employees report to government personnel for purposes of receiving assignments and their work schedule. Jacobs Technology employees have Jacobs Technology supervisors/managers, but in many instances, and in the case of Wood, those supervisors/managers are not all co-located with the Jacobs Technology employees providing the staff augmentation services.

which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

19.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

20.    On June 8, 2021, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her gender, race, and retaliation.

21.    On May 18, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2020-04027) against Defendant.

22.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

23.    All conditions precedent to bringing this action have been

performed or have occurred.

## GENERAL ALLEGATIONS

24.     In June 2019, Jacobs Technology hired Ms. Wood as a Systems Administrator.

25.     At all times relevant, Ms. Wood performed work under the SITEC II contract while physically sitting at Camp Sullivan, a government military base in Afghanistan ("worksite" or "workplace") and while employed by Jacobs Technology.

26.     From June 2019 until March 2020, Ms. Wood reported to Joseph Kern, as her direct supervisor.

27.     In Fall 2019, Ms. Wood met Chief Warrant Officer 3 Amanda Norris for the first time when CW3 Norris removed all of Ms. Wood's personal belongings from her desk and relocated them without Ms. Wood's knowledge. Ms. Wood reported this incident to Mr. Kern and Lieutenant Colonel Faber, who ignored Ms. Wood's complaint.

28.     A few weeks after this incident, Senior Airman Kiana Kirkland told Ms. Wood that CW3 Norris had hosted multiple meetings in which she spoke negatively about Ms. Wood.

29.     After this report, Ms. Wood became the victim of sexual

harassment at the hands of Sergeant First Class John Miller, which she reported to CW3 Norris.

30.   As a result of the sexual harassment SFC Miller subjected Ms. Wood to, Ms. Wood asked to be transferred from the night shift, where she was the only female working, to the day shift, but Jacobs Technology denied her request.

31.   Shortly after Jacobs denied Ms. Wood's request, SFC Miller transferred to the day shift that Ms. Wood had requested and CW3 transferred to another military facility and Chief Petty Officer Joseph Teson ("CPO Teson") replaced CW3 in her leadership role.

32.   Unfortunately, the work environment did not improve under CPO Teson. CPO Teson informed Ms. Wood of CW3 Norris' negative remarks regarding Ms. Wood upon his arrival and proceeded to subject Ms. Wood to a plethora of atrocious, racist, discriminating situations including talking about uncircumcised penises in Ms. Wood's presence.

33.   In January 2020, Ms. Wood's raised additional concerns of discrimination creating a severe and pervasive hostile work environment to Jacobs Technology Human Resources regarding CPO Teson. In response to Ms. Wood's complaint Jacobs Technology removed two black contractors

from the base and placed Ms. Wood on the day shift.

34.    In March 2020, Information Technology Manager, Marcus Neal[2] (black, male) ("Neal"), became Ms. Wood's direct supervisor with Kevin Sawyer (white, male) ("Sawyer") acting as Jacobs Technology's frontline supervisor on the ground at the workplace.

35.    In March 2020, Ms. Wood raised concerns of discrimination creating a severe and pervasive hostile work environment to Jacobs Technology Human Resources regarding CPO Teson including CPO's demand that Ms. Wood always document when she used the restroom and that he frequently screamed at her until he became red in the face as an effort to make Ms. Wood feel disrespected, degraded, humiliated, and uncomfortable.

36.    On April 9, 2020, Jacobs Technology informed Ms. Wood that they were able to partially substantiate her discrimination claim but provided no additional information regarding their investigation.

37.    Despite not completely substantiating her complaint, Senior Airman Bradley Hartung informed Ms. Wood that CPO Teson did not like

---

[2] Marcus Neal was never physically located on-site during Ms. Wood's deployment; he was in the USA.

her because she was Black. Ms. Wood informed Mr. Sawyer of Senior Airman Hartung's comment and Mr. Sawyer took an official statement from Senior Airman Hartung but took no further action.

38.   Following the concerns being raised by Ms. Wood, Jacobs Technology offered Ms. Wood a comparable position in Germany making almost half the salary she earned in Afghanistan, as such Ms. Wood respectfully declined the position and the substantial pay cut.

39.   In late May 2020, CPO Teson left Afghanistan for another assignment, and Jacobs Technology considered the matter resolved since CPO Teson was the source of Wood's concerns, without ever consulting with Ms. Wood's regarding her mental well-being.

40.   Following CPO Tenson's reassignment, Ms. Wood continued to suffer from trauma created by the oppressive environment she had been forced to work in for nearly a year at Camp Sullivan and requested to be relocated. Jacobs Technology denied Ms. Wood's relocation request.

41.   On May 30, 2020, Ms. Wood learned of an open System Engineer Position being vacated by Randolph. Based on the impending vacancy the System Engineer Lead, Eric, offered Ms. Wood the position, as no one else had inquired. With knowledge of the vacancy and being offered the position,

Ms. Wood contacted Mr. Neal and formally requested the transfer. Mr. Neal responded stating, "I can't move you until investigations are closed due to claims with the government." When Ms. Wood inquired about the policy regarding this decision, Mr. Neal refused to provide any further details, effectively blacklisting Ms. Wood from transferring to any open positions.

42.    Shortly after her conversation with Mr. Neal regarding the System Engineer position, Mr. Neal sent an email to all employees stating the System Engineer position was "internal" with specific requirements. Upon receipt of the email, Ms. Wood contacted all system admins to inquire about their interest, but they declined. Mr. Neal then sent another email saying no submissions were received. However, Ms. Wood had sent her essay which Mr. Neal confirmed the receipt. Later, Mr. Sawyer called Ms. Wood to inform her that the position required an interview. Ms. Wood agreed to be interviewed. However, Mr. Sawyer never provided Ms. Wood with any further information about the position after being put on notice of Ms. Wood's interest in the position and willingness to interview.

43.    On June 20, 2020, Ms. Wood gave Jacobs Technology notice that she had been sexually assaulted when she submitted a notice of her intent to resign with an anticipated effective date of July 4, 2020.

11

44.    In response to Ms. Wood putting Jacobs Technology on notice that she had been sexually assaulted, Jacobs Technology took immediate action to terminate the assailant's employment and scheduled a call with Mr. Sawyer, Stacy Porton and Ms. Wood regarding a position in Qatar in lieu of resignation, to which Ms. Wood agreed if she could be stationed somewhere other than Camp Sullivan as she awaited the transfer. Mr. Sawyer agreed to temporarily relocate Ms. Wood to Bagram, Afghanistan, until visa issuance for Qatar opened.

45.    In July 2020, Ms. Wood was involved in a work-related motor vehicle accident when the car she was riding in as a passenger was rear-ended at that security gate at the entrance of Camp Alpha. As a result of the motor vehicle accident, Ms. Wood suffered injuries to her right ankle, the entire right side of her body, and lower back, which she is still currently being treated.

46.    In July 2020, Jacobs Technology informed Ms. Wood that the offer to transfer to Qatar would be pulled and she would need to leave Afghanistan and report back to the United States. This decision effectively terminated Ms. Wood's employment as Jacobs Technology renewed Ms. Wood's previously rescinded resignation without her authority.

12

47.     When Ms. Wood asked why the offer had been pulled, Jacobs Technology blamed Visa issues in Qatar. With this reasoning, Ms. Wood asked if she could be temporarily transferred to North Carolina while the Visa issues were sorted out. Jacobs Technology denied this request and upheld Ms. Wood's termination.

48.     On July 24, 2020, Ms. Wood's termination became official when she left Afghanistan.

49.     Following Ms. Wood's termination, Jacobs Technology had their contract transferred to Qatar.

## COUNT I
### VIOLATION OF 42 U.S. CODE § 1981
### FOR DISCRIMINATION ON THE BASIS OF RACE

50.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     42 U.S. Code § 1981 – Equal rights under the law – makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

52.     Plaintiff is an African American female and a member of a protected class and protected by 42 U.S. Code § 1981 from discrimination

based on her race.

53.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

54.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on Plaintiff's race.

55.    As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

56.    Defendant violated 42 U.S. Code § 1981 by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment and disparate treatment because of her race.

57.    Plaintiff, by being subjected to this harassment, disparate treatment, and discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment

14

with Defendant.

58.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under 42 U.S. Code § 1981.

59.     Plaintiff can establish that she suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

60.     Defendant fostered, condoned, accepted, ratified and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

61.     Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

62.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the

15

capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

63.    Defendants' unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, ASHLEY WOOD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, JACOBS TECHNOLOGY INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendants have violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendants' discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of 42 U.S. Code § 1981;

D.    Award punitive damages to Plaintiff because of Defendants' reckless, malicious, willful, wanton, and unlawful discriminatory actions in violation of 42 U.S. Code § 1981;

E.    Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under 42 U.S. Code § 1981, according to proof;

F.    Award Plaintiff pre- and post-judgment interest;

G.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

H.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
### Racial Discrimination

64. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

65. Plaintiff is an African American female.

66. During the period from June 2019, until July 24, 2020, Defendant employed Plaintiff.

67. Plaintiff, having held her position as a System Administrator at Camp Sullivan, Afghanistan from June 2019, until July 24, 2020, showed that she was qualified for her position.

68. At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her race.

69. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

70. The offensive acts of Plaintiff's coworkers materially altered the

18

terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

71. Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

72. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

73. Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of her race.

74. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

75. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

76.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY WOOD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, JACOBS TECHNOLOGY INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's

20

discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Gender Discrimination

77.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

78.    Plaintiff, An African American female, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender.

79.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

80.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

22

81. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her gender.

82. As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

83. Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her gender.

84. Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

85. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

86.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY WOOD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, JACOBS TECHNOLOGY INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B.    Award sufficient remedial relief to make Plaintiff whole for the

24

individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Retaliation

87. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

88. Plaintiff is an African American Female.

89. On April 9, 2020, Plaintiff complained about racial and gender discrimination to Jacobs Technology Human Resources regarding CPO Teson.

90. Following the concerns being raised by Ms. Wood, Jacobs Technology offered Ms. Wood a comparable position in Germany making almost half the salary she earned in Afghanistan, as such Ms. Wood respectfully declined the position and the substantial pay cut.

91. On May 30, 2020, Ms. Wood learned of an open System Engineer Position being vacated by Randolph. Based on the impending vacancy the System Engineer Lead, Eric, offered Ms. Wood the position, as no one else had inquired. With knowledge of the vacancy and being offered the position, Ms. Wood contacted Mr. Neal and formally requested the transfer. Mr. Neal

responded stating, "I can't move you until investigations are closed due to claims with the government." When Ms. Wood inquired about the policy regarding this decision, Mr. Neal refused to provide any further details, effectively blacklisting Ms. Wood from transferring to any open positions.

92.     Shortly after her conversation with Mr. Neal regarding the System Engineer position, Mr. Neal sent an email to all employees stating the System Engineer position was "internal" with specific requirements. Upon receipt of the email, Ms. Wood contacted all system admins to inquire about their interest, but they declined. Mr. Neal then sent another email saying no submissions were received. However, Ms. Wood had sent her essay which Mr. Neal confirmed the receipt. Later, Mr. Sawyer called Ms. Wood to inform her that the position required an interview. Ms. Wood agreed to be interviewed. However, Mr. Sawyer never provided Ms. Wood with any further information about the position after being put on notice of Ms. Wood's interest in the position and willingness to interview.

93.     On June 20, 2020, Ms. Wood gave Jacobs Technology notice that she had been sexually assaulted when she submitted a notice of her intent to resign with an anticipated effective date of July 4, 2020.

94.     In response to Ms. Wood putting Jacobs Technology on notice

27

that she had been sexually assaulted, Jacobs Technology scheduled a call with Mr. Sawyer, Stacy Porton and Ms. Wood regarding a position in Qatar in lieu of resignation, to which Ms. Wood agreed if she could be stationed somewhere other than Camp Sullivan as she awaited the transfer. Mr. Sawyer agreed to temporarily relocate Ms. Wood to Bagram, Afghanistan, until visa issuance for Qatar opened.

95.    In July 2020, Jacobs Technology informed Ms. Wood that the offer to transfer to Qatar would be pulled and she would need to leave Afghanistan and report back to the United States. This decision effectively terminated Ms. Wood's employment as Jacobs Technology renewed Ms. Wood's previously rescinded resignation without her authority.

96.    When Ms. Wood asked why the offer had been pulled, Jacobs Technology blamed Visa issues in Qatar. With this reasoning, Ms. Wood asked if she could be temporarily transferred to North Carolina while the Visa issues were sorted out. Jacobs Technology denied this request and upheld Ms. Wood's termination.

97.    On July 24, 2020, Ms. Wood's termination became official when she left Afghanistan.

98.    Following Ms. Wood's termination, Jacobs Technology had their

28

contract transferred to Qatar.

99. Defendant subjected Plaintiff to adverse employment actions in retaliation for her complaints of racial and gender discrimination and for reporting a sexual assault.

100. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

101. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

102. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

103. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

104. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived her of statutory rights under the FCRA.

105. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY WOOD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, JACOBS TECHNOLOGY INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her continued complaints related to the discriminatory conduct of her coworkers;

30

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Hostile Work Environment

106. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

107. Plaintiff is an African American female.

108. During her employment with Defendant, CPO Teson's actions targeted me. There were multiple instances of discriminatory behavior, oppression, and harassment.

109. Ms. Wood proved that CPO Teson created a hostile work environment for black contractors, but Jacobs Technology's investigation deemed Ms. Wood's complaints only "partially substantiated."

110. On June 20, 2020, Ms. Wood informed Jacobs Technology that she had been a victim of a sexual assault in the workplace.

111. Based on the described conduct above, Defendant subjected Plaintiff to a hostile work environment due to Plaintiff's race and gender.

112. The above described conducted was not welcomed by Plaintiff

32

and was motivated by Plaintiff's race and gender.

113. As her employer, Defendant was obligated to protect Plaintiff from a hostile work environment.

114. Defendant violated the FCRA by, among other things, failing to promptly correct Plaintiff's hostile work environment once it learned of it.

115. Plaintiff, by being subjected to this hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

116. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent Plaintiff's hostile work environment, deprived her of statutory rights under the FCRA.

117. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and

relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ASHLEY WOOD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, JACOBS TECHNOLOGY INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her continued complaints related to the discriminatory conduct of her coworkers;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's

retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT VI**
**WORKER'S COMPENSATION RETALIATION**

118.    Plaintiff re-alleges and re-adopts paragraphs 1 through 49 of this Complaint as if fully set forth herein.

119.    Plaintiff brings an action under the Workers' Compensation Law §440.205, Florida Statutes, for unlawful retaliation.

120.    In July 2020, Ms. Wood was involved in a work-related motor vehicle accident when the car she was riding in as a passenger was rear-

ended at that security gate at the entrance of Camp Alpha. As a result of the motor vehicle accident, Ms. Wood suffered injuries to her right ankle, the entire right side of her body, and lower back, which she is still currently being treated.

121.  In July 2020, Jacobs Technology informed Ms. Wood that the offer to transfer to Qatar would be pulled and she would need to leave Afghanistan and report back to the United States. This decision effectively terminated Ms. Wood's employment as Jacobs Technology renewed Ms. Wood's previously rescinded resignation without her authority.

122.  When Ms. Wood asked why the offer had been pulled, Jacobs Technology blamed Visa issues in Qatar. With this reasoning, Ms. Wood asked if she could be temporarily transferred to North Carolina while the Visa issues were sorted out. Jacobs Technology denied this request and upheld Ms. Wood's termination.

123.  On July 24, 2020, Ms. Wood's termination became official when she left Afghanistan.

124.  Plaintiff's termination was a retaliatory action taken by Defendant against Plaintiff for seeking worker's compensation benefits in violation of § 440.205, Florida Statutes.

36

125.   As a direct, proximate, and foreseeable result of Defendant's termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages that have occurred in the past, are permanent and continuing.

WHEREFORE Plaintiff, ASHLEY WOOD, respectfully demands judgment against Defendant, JACOBS TECHNOLOGY INC., and requests this Honorable Court enter an Order making her whole by awarding the following relief:

A.   Compensation for lost wages, benefits, and other remuneration;

B.   Front pay;

C.   Compensatory damages, including emotional distress, allowable at law;

D.   Prejudgment interest on all monetary recovery obtained;

E.   Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F.   Reasonable attorney's fees and costs incurred in this action as

provided in Section 760.11(5), Florida Statutes; and

G.     For such further relief as the Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 16th day of August 2023.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorneys for Plaintiff